Case 2:23-cv-00196   Document 58   Filed on 05/14/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MANUAL CORBETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00196 |
| | § | |
| ARMANDO CHAPA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1, 13-15, 23, 26-29, 34) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On January 22, 2024, United States Magistrate Judge Mitchel Neurock issued his "Memorandum and Recommendation of United States Magistrate Judge" (M&R, D.E. 35), recommending that Plaintiff's claims be dismissed and that a strike be issued under the three strikes rule. After an extension of time to object, Plaintiff timely filed seven (7) sets of objections (D.E. 48, 50, 51, 53-56) and a motion for leave to amend (D.E. 42), which the Court considers with the objections.

**Leave to Amend**. Plaintiff seeks to amend his complaint to name additional Defendants. D.E. 42. This request is not accompanied by any explanation of what claim(s) Plaintiff seeks to bring against them. This is particularly concerning because the Magistrate Judge found all of the existing claims to be lacking in merit. A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired

and how it would cure pleading defects. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). The request to amend (D.E. 42) is **DENIED** as futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Denial of Access to Courts**. The Magistrate Judge recommended denial of Plaintiff's claim for violation of his right to access the courts because Plaintiff has not demonstrated that he was deprived of any claim as a result of any deficiency in research time or resources presented by Defendants' law library policy. Throughout his objections, Plaintiff complains of the denial of this claim. *E.g.*, D.E. 51, pp. 2-3. However, he does not address the basis for the recommended denial.

The fact that access to courts is a fundamental right or that a law library is an important component of such a right does not state any error in the M&R and, therefore, is not cognizable as an objection. A complaint that does not point out with particularity any error in the Magistrate Judge's analysis does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

Plaintiff objects that the right of access to the courts is not limited to challenges to the fact or duration of his incarceration or the conditions of his confinement, but extends to his First Amendment right to petition the government on any basis. D.E. 48, p. 2. Plaintiff misunderstands the analysis in the M&R. The claim fails not because of how it is categorized but because there is no right of access to courts in the abstract—without a showing that Plaintiff had a specific claim that was prejudiced.

He further complains that the requirement to know in advance the book desired and the limited amount of time allowed is clearly inadequate to research the law and that other counties provide inmates with tablets or other means to provide much greater access to legal materials. D.E. 48, p. 2; D.E. 50, pp. 1-4. But this, too, fails to address the element of the claim Plaintiff is clearly lacking. Plaintiff must demonstrate that he has a viable claim that has been restricted or denied due to the denial of access to the law library.

In that regard, Plaintiff identifies two dismissed lawsuits as examples of such denied or restricted claims. D.E. 48, pp. 5-7. He claims that his prior lawsuits were dismissed on technical grounds that he could have satisfied had he been provided with greater law library access. D.E. 50, p. 5. But those cases were dismissed after Plaintiff was able to file them, was provided with the relevant law, and had an opportunity to object. *Corbett v. Aransas Cnty.*, 2:23-cv-111 (S.D. Tex. January 18, 2024); *Corbett v. Mills*, No. 2:23-cv-00088 (S.D. Tex. Jan. 2, 2024) (raising the same denial of access to courts claim). Plaintiff has not explained how any limits on library time contributed to the loss of these actions, which were deemed frivolous and for which strikes were imposed. The claims were lost for lack of merit. Plaintiff has not shown that better library resources would have changed the results.

Plaintiff objects that his ability to prosecute his cases was overrated in the M&R because it was based on his ability to draft and file documents he was able to prepare once he was transferred from the Aransas County Detention Center (ACDC) and provided with better law library resources at his new housing units. D.E. 53, p. 4; D.E. 54, p. 4. Therefore,

3 / 10

he argues, his success in filing the documents he desired to file does not negate the inadequacies of the ACDC Law Library and its policy. But the question is not whether Plaintiff encountered interim difficulties in representing himself, but whether he can demonstrate that he, in fact, was deprived of a claim because of some interim difficulties created by a defendant. Because he still cannot trace any material harm to the law library policy, Plaintiff's objection is misplaced and moot.

All of the objections to the M&R's analysis of Plaintiff's denial of access to courts claim are **OVERRULED**.

**Retaliation**. The Magistrate Judge recommended denial of Plaintiff's claim for retaliation because Plaintiff did not show that Defendants knew about his claims against them or that they harbored any retaliatory intent against Plaintiff in enacting a facility-wide law library policy. Plaintiff recites the law regarding the prohibition against retaliation for his protected conduct, being his filing of complaints. D.E. 48, p. 3. But that does not state an objection.

Plaintiff initially argued that it is sufficient that the library policy was enacted after four detainees filed claims and that it was intended to prevent any further claims. D.E. 50, p. 7. This is the same conclusory assertion that the M&R rejected. Plaintiff fails to state in nonconclusory terms whether or how Defendants learned of the other cases he filed or how enacting any facility-wide policy represents a retaliatory intent directed at Plaintiff, outside of a rough chronology that is insufficient to demonstrate cause and effect.

For the first time in his later objections, Plaintiff claims that jail staff members were opening and reading his legal mail. D.E. 50, pp. 7-8; D.E. 53, p. 3. He asserts that this could explain how they knew about his lawsuits. This remains speculative in that he fails to identify the persons who allegedly opened his mail, whether they opened any legal mail relevant to this case, and how any policymaker learned of the lawsuits when it was mailroom staff that he claims opened and read his mail.

Also for the first time in his later objections, Plaintiff asserts that some detainees told Plaintiff that the library policy and other denials of privileges were due to Plaintiff filing lawsuits. The detainees allegedly overheard a conversation by jail staff where they identified Plaintiff not by name, but by his demographic information. *Id*., pp. 8-9; D.E. 51, p. 6. Plaintiff's recitations of events in the ACDC are replete with claims that all losses of privileges of every kind were attributed to Plaintiff because of his open LGBTQ lifestyle. All of these assertions confuse allegations of discrimination and retaliation and remain conclusory and speculative with respect to the retaliation claim. In fact, Plaintiff describes them as "rumors." D.E. 51, p. 6.

Plaintiff fails to show retaliatory intent in the face of a blanket policy addressing all detainees. New arguments—that Defendants also denied television privileges, reduced exercise time, and moved Plaintiff "from one tank to another" as part of the alleged retaliation—add nothing. *See* D.E. 50, pp. 8-9; D.E. 51, p. 7. All of his assertions that some other persons told him that it was all retaliatory and aimed at him remain based on jail staff excuses and are speculative and conclusory. *See id*.

All of the objections to the recommended denial of Plaintiff's retaliation claim are **OVERRULED**.

**Pleading Standard**. Plaintiff objects that he is being held to a heightened pleading standard and should be allowed liberal construction of his pleadings as a pro se litigant. D.E. 48, pp. 3-4; D.E. 51, p. 2; D.E. 54, p. 5. However, the M&R's analysis is based on the *Twombly/Iqbal* standards, which are the minimum standards. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). And Plaintiff has clearly received the liberal construction due his pleading. He simply makes claims that require pleading of factual elements that he has not pled or cannot plead. While he claims that he has done so, his pleadings are not factual, but conclusory. The objection is **OVERRULED**.

**Conspiracy**. The M&R recommended that Plaintiff's conspiracy claim be dismissed for lack of factual allegations to support an agreement to act in combination to deprive detainees of their constitutional rights. In his objections, Plaintiff again alleges in a conclusory manner that Defendants engaged in a conspiracy to deprive detained persons of access to the law and the courts. D.E. 50, p. 6. However, he continues to offer no factual allegations to show any agreement. The objection is **OVERRULED**.

**High-Level Defendants**. Plaintiff objects that he should be able to maintain his claims against high-level defendants for purposes of discovery and to get their assistance in determining the identity of the proper defendants. D.E. 53, p. 1. But there is no need for discovery or identification if there is no viable claim to be prosecuted. The purpose of

the *Twombly/Iqbal* pleading standard is to spare defendants from discovery and the burdens of litigation when no plausible claim has been alleged.

Plaintiff also objects that the high-level defendants are responsible for actions of their subordinates.  D.E. 53, p. 5; D.E. 54, p. 2. But where a plaintiff has failed to adequately plead the elements of his claims against any party, the court need not address issues of respondeat superior, "tacit authorization," or *Monell* liability.[1]

The objections seeking to maintain a claim against high-level defendants are **OVERRULED**.

**New Allegations**.  Plaintiff asserts that the opening and reading of his legal mail is actionable pursuant to his right to privacy and consequent "actual injury."  D.E. 53, p. 3; D.E. 55, p. 2.  This is a new legal claim that is brought without leave to amend to add it to this case and it is not properly stated for the first time in an objection to the M&R.  *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (declining to address issues raised for the first time in objections to the magistrate judge's findings, conclusions, and recommendations).  Moreover, as mentioned above, Plaintiff fails to provide adequate detail to support making the claim against any particular person or for any particular harm. The objections is **OVERRULED**.

---

[1]  *Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978).

**False Misrepresentations**. Plaintiff complains of false misrepresentations of indictments printed in the local newspaper and issues of defamation. D.E. 53, pp. 6-7; D.E. 54, p. 3; D.E. 55, p. 3. This was not addressed in the M&R because it is not the subject of this case. D.E. 1 (addressing only the access to law library resources). Publication of indictments was actually the subject of Plaintiff's claims in his separate lawsuit against Aransas County, Texas. Cause No. 2:23-cv-111 (D.E. 33, p. 6). These claims are not part of this case, the objection raises claims that were not timely pled, and they will not be adjudicated again by a collateral attack. The objection is **OVERRULED**.

**Sexual Orientation Discrimination**. Plaintiff objects to the recommended dismissal of this action because he was subjected to discrimination and deprived of equal protection of the laws, complaining that non-LGBTQ detainees were permitted to access the law library for longer periods of time than he was. D.E. 56. He claims that he was targeted for being gay in a number of ways, including his housing assignment, the color of his government-issued blanket, and being blamed for reduction of all manner of privileges in the facility.

Plaintiff did not originally file this as a discrimination lawsuit. D.E. 1. The M&R liberally construed this claim as being raised, based on later filings. D.E. 35, pp. 18-19 (citing D.E. 22 (letter complaining that he felt attacked on the basis of his LGBTQ lifestyle), D.E. 27 (letter mentioning a deprivation of equal rights, but referring to access to the law library and stating that others of unidentified sexual orientation were also denied law library access)). Only after the M&R was issued did Plaintiff assert that non-LGBTQ

persons were permitted to use the law library for extended amounts of time when he was denied any access. D.E. 56, pp. 1-2.

These new allegations are limited to the conduct of C.O. Mendoza, who is not a named Defendant. D.E. 1, p. 3; *see also* D.E. 11, 15, 22, 23, 26, 27, 29, 31, 34 (each of which refers to the three individual named Defendants and, at best, to their "staff," "agents," and "people employed there."). Nor did Plaintiff include C.O. Mendoza in the list of new defendants he asked to add after the M&R was issued. *See* D.E. 42.

Plaintiff's objection, even if treated as a motion for leave to amend to add this claim against C.O. Mendoza, must fail. That is because Plaintiff has admitted that he has not exhausted his administrative remedies. *See* D.E. 1, p. 3. Complaints for both a denial of access to a law library and unlawful discrimination are civil rights claims that must be exhausted if a grievance policy is available. *See Garner v. Moore*, 536 F. App'x 446, 449 (5th Cir. 2013) (addressing law library); *Johnson v. Johnson*, 385 F.3d 503, 519 (5th Cir. 2004) (addressing discrimination on the basis of sexual orientation).

The ACDC has a grievance policy that requires grievances before filing any civil rights complaint.[2] Where the facility has a grievance policy, it must be exhausted pursuant to 42 U.S.C. § 1997e(a) before the complaint may be adjudicated. Plaintiff cannot now exhaust his administrative remedy because he is no longer housed at the ACDC. *See* D.E.

---

[2] *See* https://www.aransascounty.org/detentioncenter/e-docs/Inmate%20Rule%20Book%204%2026%202022.pdf, last visited May 13, 2024.

35, p. 27. The objection is **OVERRULED** and the claim is subject to dismissal with prejudice.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court:

- **DISMISSES** Plaintiff's lawsuit with prejudice as frivolous and for failure to state a claim upon which relief may be granted;

- **DENIES** Plaintiff's motion for leave to amend his complaint (DE. 42); and

- Imposes a "**STRIKE**" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and instructs the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on May 14, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE