Case 2:23-cv-00196   Document 76   Filed on 11/26/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDWARD MANUAL CORBETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00196 |
| § | |
| ARMANDO CHAPA, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are three documents filed by Plaintiff Edward Corbett that are construed together as an application to proceed *in forma pauperis* on appeal. D.E. 64, 69, 71. On July 15, 2024, United States Magistrate Judge Mitchel Neurock issued his "Memorandum and Recommendation of United States Magistrate Judge," recommending denial of the application because the proposed appeal is not taken in good faith. M&R, D.E. 73. Plaintiff timely filed his objections (D.E. 75-2)[1] on August 1, 2024.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general

---

[1] Plaintiff's objections were scanned into an instrument filed on the docket at D.E. 75. However, the scans did not include the entire page, allowing the loss of information at the margins. A new scan was performed to reflect the entirety of each page and was appended at D.E. 75-2. The Court references D.E. 75-2 as the complete set of objections as if that scan was the original docketed instrument.

objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

In deciding whether to grant a party leave to appeal *in forma pauperis*, a district court may refuse to certify the appeal if it would not be taken in good faith. 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a)(4)(B); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). Good faith may be "demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard*, 707 F.2d at 220 (*quoting Coppedge v. United States*, 369 U.S. 438, 445 (1962)). An *in forma pauperis* suit is frivolous if the claim lacks an arguable basis in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### I.  Library Policy and Access

First, Plaintiff presents a set of objections regarding the Magistrate Judge's assessment of the good faith nature of his claim regarding the Aransas County Detention Center's (ACDC) library policy and access to the law library. D.E. 75-2, pp. 1-10. Plaintiff states that he can demonstrate actual injury based on ACDC's inadequate law library resources and library policy. D.E. 75-2, p. 3. He asserts that if the Court had granted leave to amend, he would have been able to correct the underlying deficiencies in his complaint. D.E. 75-2, p. 4.

First, as noted in a prior M&R (D.E. 35) and this Court's Order adopting that M&R (D.E. 58), leave to amend Plaintiff's complaint would be futile because he did not exhaust his administrative remedies before filing the complaint. A complaint for a denial of access to a law library is a claim that must be exhausted if a grievance policy is available.[2] *Garner v. Moore*, 536 F. App'x 446, 449 (5th Cir. 2013) (per curiam). Plaintiff's failure to exhaust the appropriate grievance process cannot be corrected on appeal. Granting a motion for leave to amend would remain futile.

Plaintiff cites *Davis v. Milwaukee County*, 225 F. Supp. 2d 967, 976 (E.D. Wis. 2002), for the proposition that dismissing a case for failure to exhaust administrative remedies denies plaintiff access to the courts. D.E. 75-2, p. 2. In *Davis*, the court held that the defendants interfered with the plaintiff's ability to exhaust because the total absence of legal materials did not permit him to learn about the exhaustion requirement. In contrast, Plaintiff does not allege that he was unaware of the exhaustion requirement or the grievance procedure, nor does he state any objection that explains why he did not file grievances.

Plaintiff also cites *Cody v. Weber*, 256 F.3d 764, 768-69 (8th Cir. 2001), for the proposition that he is not required to prove a case within a case to support his actual injury related to the denial of access to legal materials. But the injury in *Cody* was a violation of constitutional rights by opening plaintiff's legal mail. Here, there is no such independent injury. Plaintiff must show that he had a viable claim that was hindered or lost due to the lack of access to the library. For such a claim, a case within the case is required.

---

[2] ACDC has a policy that requires filing grievances before filing a civil rights complaint. *See Aransas County Detention Center Inmate Handbook*, Aransas County, https://www.aransascounty.org/detentioncenter/e-docs/Inmate%20Rule%20Book%204%2026%202022.pdf, last visited November 26, 2024.

Plaintiff cites additional cases in support of his argument that he presented a proper access-to-courts claim, but none of these are responsive to the recommendations in the M&R, nor do they concern appeals *in forma pauperis*. *See Neitzke v. Williams*, 490 U.S. 319 (1989) (regarding complaint, not appeal, filed *in forma pauperis*); *Christopher v. Harbury*, 536 U.S. 403 (2002) (holding that plaintiff failed to state a backward-looking access-to-courts claim upon which relief could be granted); *Thomson v. Washington*, 362 F.3d 969 (7th Cir. 2004) (holding that prisoners' civil rights suits do not require heightened pleading); *Morrow v. Harwell*, 768 F.2d 619 (5th Cir. 1985) (decided before the Supreme Court's clarification of access-to-courts claims in *Lewis v. Casey,* 518 U.S. 343 (1996)); *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003) (regarding prison law library's failure to provide a copy of the statute necessary for plaintiff's habeas claim).

Plaintiff states that prisoners must receive sufficient access to prison libraries, and that according to ACDC's library policy, inmates do not have sufficient time for legal research. However, there is no right to unlimited access to prison law libraries, and there may be limitations placed on access if these regulations are "reasonably related to legitimate penological interests." *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998) (*citing Lewis*, 518 U.S. at 361; *see also Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (holding that limiting access to a law library to five hours a week does not violate the right of access to the court). Plaintiff cannot assert in good faith an access-to-courts claim because he has failed to demonstrate that any lack of access to the law library impacted any particular legal claim.

Plaintiff also argues that "in order to assure that incarcerated persons have meaningful access to courts, states are required to provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, and other civil actions related to their incarcerations." D.E. 75-2. p. 10. His assertion is incorrect. *See Lewis,* 518 U.S. at 351 (clarifying that there is no "freestanding right to a law library or legal assistance," but instead a right of access to the courts.).

Last, Plaintiff contends that "states may not erect barriers that impede the right of access of incarcerated persons." D.E. 75-2, p. 7. To allege a constitutional violation, inmates must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered [their] efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Despite numerous rulings explaining this requirement, Plaintiff does not demonstrate *how* the ACDC library policy prevented him from pursuing any particular legal claim. His assertions are contrary to the well-established requirements for access to courts claims, are conclusory, and do not present a nonfrivolous claim. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (asserting that conclusory allegations are insufficient to maintain a claim).

All of Plaintiff's objections regarding the law library policy are **OVERRULED**.

**II.   Retaliation**

Plaintiff objects to the Magistrate Judge's recommendation to deny his *in forma pauperis* appeal for his retaliation claim. D.E. 75-2, p. 11. He does not state specific objections to the recommendations but references his prior briefing. A complaint that merely rehashes prior briefing that has been rejected by the Court does not constitute a

proper objection and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

Plaintiff's objection is **OVERRULED**.

### III.    Sexual Discrimination

Plaintiff objects that his sexual discrimination allegations were previously dismissed because he was not given leave to amend the claim to fix the issues therein. D.E. 75-2, p. 11. Plaintiff also states that he is not an attorney with law school experience, nor was he appointed an attorney to help him with his legal matters. But if granted leave to appeal, Plaintiff contends that the case would be found in his favor. D.E. 75-2, p. 12. However, this claim would fail upon appeal, since unlawful discrimination is a civil rights claim that must first be exhausted through administrative remedies before filing suit. *Johnson v. Johnson*, 385 F.3d 503, 515, 519 (5th Cir. 2004). Plaintiff did not exhaust the administrative remedy of filing grievances with ACDC.

Plaintiff's objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court **DENIES** Plaintiff's motions to proceed *in forma pauperis* on appeal (D.E. 64, 69, 71). The Court certifies that the appeal is not taken in good faith. Plaintiff may pay the filing fee and other relevant costs in order to proceed on appeal or can contest this Court's certification decision by filing a motion for leave to proceed *in forma pauperis* with the court of appeals. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

**ORDERED** on November 26, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE